Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8707 | **DATE** | 7/15/2004 |
| **CASE TITLE** | Machinery Movers, et al vs. Joseph Anthony, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Presently before us is Nationwide Investment Services Corporation's motion to reassign Case No. 04 C 821 pursuant to Local Rule 40.4 based on that case's alleged relatedness to a case currently pending before this Court. Nationwide also requests that we stay all further proceedings in the Ironworkers action pending the non-appealable disposition of criminal cases which have been filed against several of the parties and witnesses involved in the Ironworkers and Machinery Movers actions. We deny the motion to reassign (19-1) and therefore do not address Nationwide's motion to stay.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 7-16-04 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | jl6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 7/15/2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | 2004 JUL 15 PH 5:38 | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MACHINERY MOVERS, RIGGERS, )
AND MACHINERY ERECTORS, LOCAL )
136 DEFINED CONTRIBUTION )
RETIREMENT FUND, et al., )
                                                                )
       Plaintiffs, )
                                                                )    No. 03 C 8707
      v. )
                                                                )
JOSEPH/ANTHONY, INC., a/k/a )
JOSEPH ANTHONY & ASSOCIATES, )
INC., et al., )
                                                                )
      Defendants. )

**DOCKETED**
**JUL 1 6 2004**

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Nationwide Investment Services Corporation's ("Nationwide's") motion to reassign Case No. 04 C 0821 (the "Ironworkers" action) pursuant to Local Rule 40.4 based on that case's alleged relatedness to a case currently pending before this Court, Case No. 03 C 8707 (the "Machinery Movers" action). Nationwide also requests that we stay all further proceedings in the Ironworkers action pending the non-appealable disposition of criminal cases which have been filed against several of the parties and witnesses involved in the Ironworkers and Machinery Movers actions. For the following reasons, we deny the motion to reassign the case and therefore do not address Nationwide's motion to stay.

## BACKGROUND

### A. The Machinery Movers Action

The plaintiffs in the Machinery Movers action are a group of employee benefit funds (the "Machinery Movers Funds") that are administered pursuant to collective bargaining agreements between

Machinery Movers, Riggers and Machinery Erectors, Local 136 (the "Machinery Movers Union") and various employers. The Machinery Movers Funds, along with their trustees, filed suit against: Joseph/Anthony, Inc. ("Joseph/Anthony"); Nationwide Investment Services Corporation ("Nationwide"); Liz/Mar and Associates, Inc. ("Liz/Mar"); and Michael Linder, the President of both Joseph/Anthony and Liz/Mar. According to the complaint, Joseph/Anthony was the administrator of the Machinery Movers Funds. The plaintiffs allege that, as President of Joseph/Anthony, Michael Linder recommended that the trustees select Nationwide to receive all of the funds' future investments. Unbeknownst to the plaintiffs, Linder (via Joseph/Anthony) received unauthorized commissions from Nationwide for bringing the in funds' business. The complaint also alleges that Linder set up another entity, Liz/Mar, which received additional unauthorized commission payments from Nationwide. The plaintiffs claim that the scheme set up by Linder via Joseph/Anthony and Liz/Mar violated various provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

## B. The Ironworkers Action

The Ironworkers action is brought by a different group of plaintiff benefit funds and their trustees. The suit names as defendants: Nationwide Life Insurance Company; Nationwide Financial Services, Inc.; Nationwide Trust Company, FSB; Nationwide Financial Institution Distributors Agency, Inc.; and Nationwide Investment Services Corporation. Paragraph 13 of the Ironworkers action provides a summary of the allegations brought against the defendants:

> While the Nationwide Defendants are separate legal entities, upon information and belief, some or all of them, along with persons and corporations acting as their employees or agents, acted to deprive the Plaintiff Funds and their participants of money that should have been invested on their behalf, through a scheme in which the Nationwide Defendants deducted money from Fund assets and paid fees, kickbacks, commissions, or other things of value to Michael G. Linder ("Linder") Liz/Mar and Associates, Inc. ("Liz/Mar"), and/or Joseph/Anthony & Associates, Inc. ("Joseph/Anthony"), in return for Linder's recommendation that the Funds invest their assets with Nationwide.

2

The Ironworkers Action is brought pursuant to the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). However, several of the predicate acts which underlie the RICO claims are premised upon alleged violations of ERISA. In Counts III, IV, and V, the Ironworkers plaintiffs also request rescission of the allegedly fraudulent contracts entered into between the funds and the defendants.

## ANALYSIS

Northern District of Illinois Local Rule 40.4 provides for the reassignment of civil cases from one judge to another if certain conditions have been met. First, under Rule 40.4(a), the cases must be related. According to the rule, cases are related if they: 1) involve the same property; 2) involve the same issues of fact or law; 3) grow out of the same transaction or occurrence; or 4) in a class action, one or more of the classes involved are the same. Nationwide argues that the Ironworkers and Machinery Movers cases are related because they involve the same issues of fact or law.

Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related," *Fairbanks Capital Corp. v. Jenkins*, 02-C-3930, 2002 WL 31655277, at * 2 (N.D. Ill. Nov. 25, 2002), rather it is enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.*, 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original). Here, although there is very little overlap between the parties in each case, the allegations contained in both complaints are quite similar and involve the same group of alleged wrongdoers. Furthermore, although the central legal claims brought in each action appear to be different - the Machinery Movers action claims violations of ERISA, whereas the Ironworkers action brings claims under RICO - the predicate acts alleged in the RICO counts are based on underlying ERISA violations. Because there are some overlapping issues of fact and law in both cases, they are related within the meaning of 40.4(a).

3

Once the cases have been found to be related, Local Rule 40.4(b) imposes four additional conditions that must be satisfied before a case may be reassigned: 1) both cases must be pending in the Northern District of Illinois; 2) reassignment must result in a substantial savings of judicial time and effort; 3) "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially;" and 4) the actions are susceptible to disposition in a single proceeding. Both the Machinery Movers and the Ironworkers actions are currently pending in the Northern District of Illinois, so the first criterion is easily satisfied. The plaintiffs in the Ironworkers action also concede that the Machinery Movers case is in the relatively early stages of litigation. Upon the parties' joint motion, the proceedings in the Machinery Movers action were stayed not long after the defendants answered the complaint. The Ironworkers action is also in the very early stages of litigation; the complaint was filed on February 2, 2004 and Judge Guzman has granted the defendants' request to file their answer within five business days following this Court's decision on the motion to reassign. Therefore, the only two contentious issues regarding reassignment are whether doing so will result in a substantial savings of judicial time and effort and whether the actions are susceptible to disposition in a single proceeding.

The Ironworkers plaintiffs argue that we should deny the motion to reassign because the defendants provide only conclusory statements as to how reassignment will result in substantial savings of judicial time and resources. Local Rule 40.4(c) requires parties to "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." Furthermore, "[t]he judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to specifically identify why each of the four conditions for reassignment under LR 40.4(b) is met." *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003). Thus, a court may deny a motion to reassign if a party fails to sufficiently apply the

facts of the case to each of 40.4(b)'s requirements. *Id.* In this case, we agree that Nationwide's explanation regarding how reassignment will result in a substantial savings of judicial time and resources is inadequate. Nationwide states only that "[t]he weight of common factual and legal issues . . . suggests strongly that there will be a substantial conservation of judicial resources if one court considers and decides those common issues . . . By contrast, permitting the cases to proceed on separate tracks would result in duplication of (but not parallel or coordinated) discovery efforts, excess use of judicial resources, and the possibility of incongruent factual rulings on identical contracts." (Mem. in Support of Nationwide's Mtn. for Reassignment at 9.) Aside from offering these conclusory allegations, Nationwide fails to specify *how* combining the cases will result in a substantial savings of judicial resources, nor does it pinpoint what issues for discovery will be the same in both cases or what matters are susceptible to disposition in a single proceeding. This failure to comply with Local Rule 40.4(c)'s requirement that parties "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related" is sufficient grounds, in and of itself, for denial of the motion to reassign. We need not rely on this technical ground for denial, however, because the parties cannot meet the requirements of Local Rules 40.4(b)(2), which requires that reassignment will result in a substantial savings of judicial time and effort or 40.4(b)(4), which requires that the actions be susceptible to disposition in a single proceeding.

First, comparison of the Ironworkers' complaint with the Machinery Movers' complaint reveals that we should deny the motion for reassignment on the merits because reassignment would not result in a substantial savings of judicial time and resources. First, although the schemes alleged in the two cases are similar, both the plaintiffs and the defendants are different in each case. As the Ironworkers plaintiffs point out, each of the cases is brought by a different group of plaintiffs and the only party officially named in both actions as a defendant is Nationwide Investment Services Corporation. This

is because the Ironworkers plaintiffs chose to sue only legal entities associated with Nationwide; they did not include Linder, Liz/Mar, or Joseph/Anthony as defendants. Furthermore, the two cases are premised on different legal theories. The Machinery Movers complaint sets forth claims pursuant to ERISA only, whereas the Ironworkers case is brought under RICO. There is *some* overlap between the cases because the predicate acts which underlie the RICO action are premised on violations of ERISA. However, the alleged ERISA violations make up just one element of a RICO claim. To succeed in a RICO action, the Ironworkers plaintiffs must demonstrate that the defendants engaged in: 1) the conduct; 2) of an enterprise; 3) through a pattern; 4) of racketeering activity. *See Richmond v. Nationwide Cassel, L.P.*, 52 F.2d 640, 644 (7th Cir. 1995). The issues of whether the various Ironworkers defendants comprised an "enterprise" within the meaning of RICO or whether the alleged ERISA violations amounted to a pattern of racketeering activity are not at all relevant to the Machinery Movers action. Furthermore, the Ironworkers plaintiffs have also brought rescission claims that are unrelated to the Machinery Movers case. All of these issues would have to be dealt with separately in the Ironworkers action, and the reassignment of the case to this Court's calendar would not make the proceedings any more efficient this respect. In short, although there may be *some* judicial resources saved by bringing together the two actions, there will not be the "*substantial* saving of judicial time and effort" that is contemplated by Rule 40.4. *See* L.R. 40.4(b)(2) (emphasis added); *see also Lawrence E. Jaffe Pension Plan*, 2003 WL at *2 (emphasizing that the saving of judicial time and effort must be *substantial* in order for reassignment to be appropriate under Rule 40.4(b)(2)).

These same considerations lead us to find that Nationwide has not satisfied its burden of demonstrating that Rule 40.4(b)'s fourth requirement - that the cases are amenable to disposition in a single proceeding - is met. Courts have held that cases are not susceptible to disposition in one proceeding where both cases present unique issues of law and fact. *Id.* at 3; *see also Clark v. Insurance*

*Car Rentals, Inc.*, 42 F. Supp.2d 846, 849 (N.D. Ill. 1999). As set forth above, although there is some legal and factual overlap between the Ironworkers and Machinery Movers actions, the issues that are unique to each case predominate. We thus find that reassignment is not appropriate.

## **CONCLUSION**

For the foregoing reasons, Nationwide's motion to reassign is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: 7/15/04